# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50387
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 16, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Mendoza-Nando,

*Defendant—Appellant*,

consolidated with

---

No. 22-50389

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Mendoza-Nandho,

*Defendant—Appellant*.

No. 22-50387
c/w No. 22-50389

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:21-CR-1078-1, 4:18-CR-102-1

Before DAVIS, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Juan Mendoza-Nando appeals both his conviction and sentence for illegal reentry after removal and the revocation of a term of supervised release and sentence imposed for his previous conviction for transporting illegal aliens for financial gain. However, he has abandoned any challenge to the validity of the revocation or the revocation sentence by failing to brief it. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

For the first time on appeal, Mendoza-Nando argues that his sentence for the illegal reentry offense exceeds the statutory maximum and is therefore unconstitutional because the district court enhanced his sentence under 8 U.S.C. § 1326(b) based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He has filed a motion for summary affirmance, acknowledging that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeking to preserve it for possible Supreme Court review.

Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, Mendoza-Nando is correct that his argument is

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50387
c/w No. 22-50389

foreclosed, and summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.